UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMCAST OF CALIFORNIA III, INC., | No. C-05-0718 EMC |
| Plaintiff, | |
| v. | **ORDER RE BRIEFING AND EVIDENCE IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Docket Nos. 15, 17)** |
| STEPHANE TARDIF, *et al.*, | |
| Defendants. | |
| _____/ | |

      Plaintiff Comcast of California III, Inc. filed suit against Defendants Stephane Tardif and Jacques Tardif for (1) violation of the Cable Communications Act, 47 U.S.C. § 553; (2) unjust enrichment; (3) imposition of a constructive trust; and (4) violation of California Penal Code § 593d. After receiving no response to the complaint and summons, Comcast filed a motion for default judgment. Counsel for Comcast was instructed that entry of default must first be sought before a default judgment. Accordingly, Comcast asked for entry of default, which the Clerk of the Court issued on July 22, 2005. *See* Docket No. 22. Default having been entered, the Court now considers Comcast's motion for default judgment. The Court notes that it shall be issuing a report and recommendation on the motion because it is a dispositive motion and Defendants have not consented to the jurisdiction of the undersigned.

      The Court finds that the motion for default judgment, as it currently stands, is insufficient. Below are the deficiencies that Comcast must address:

1. <u>Service of Process on Defendants</u>

First, the copy of the signed return receipt for Stephane Tardif is not readable. Comcast should re-file a readable copy of the signed return receipt.

Second, it is not clear whether service of process on Jacques Tardif was proper. The certificate for service of process for the complaint and summons indicates that the complaint and summons were mailed to Jacques Tardif at 70 Ch De L'Ile-Claude, Ile-Perrot, Quebec, Canada. However, the certificates for service of process for other documents state that the address of Jacques Tardif is 78 Ch De L'Ile-Claude, not 70. If the complaint and summons were actually mailed to 70 and Jacques Tardif resides at 78, then he may not have received the complaint and summons, which raises due process concerns. Comcast should identify for the Court what is the proper address for Jacques Tardif and explain whether service of process on him was proper.

2.  Claims for Relief

In the motion for default judgment, Comcast does not identify for which causes of action it is seeking default judgment, nor does Comcast identify what specific relief it seeks (damages or otherwise) for those causes of action. Comcast should do so as part of the briefing requested below.

In addition, Comcast has not provided any explanation as to why it is entitled to default judgment for any of the causes of action. The Court refers Comcast to the Ninth Circuit opinion *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), which states that the following factors are considered in a motion for default judgment: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Comcast should provide briefing explaining why it is entitled to default judgment based on the above factors.

3.  Evidence re Damages

In its motion for default judgment, Comcast asks for thirty days to file documentation in support of damages it seeks. Comcast should file any and all evidence in support of its damages claim in conjunction with its briefing as to why it is entitled to default judgment. It is more efficient

for the Court to consider both the merits of the request for default judgment and the evidence in support of damages at the same time rather than in bifurcated proceedings.

      Comcast should file all of the briefing and evidence required in items (1) through (3) above within thirty days of the filing date of this order.

IT IS SO ORDERED.

Dated: August 1, 2005

_____
EDWARD M. CHEN
United States Magistrate Judge