UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMCAST OF CALIFORNIA III, INC., <br><br> Plaintiff, <br><br> v. <br><br> STEPHANE TARDIF, *et al.*, <br><br> Defendants. <br> _____ / | No. C-05-0718 EMC <br><br> **ORDER RE FURTHER BRIEFING IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** <br> **(Docket Nos. 15, 17)** |

    Plaintiff Comcast of California III, Inc. filed suit against Defendants Stephane Tardif and Jacques Tardif for (1) violation of the Cable Communications Act, 47 U.S.C. § 553; (2) unjust enrichment; (3) imposition of a constructive trust; and (4) violation of California Penal Code § 593d. After receiving no response to the complaint and summons, Comcast filed a motion for default judgment. Counsel for Comcast was instructed that entry of default must first be sought before a default judgment. Accordingly, Comcast asked for entry of default, which the Clerk of the Court issued on July 22, 2005. *See* Docket No. 22. After default was entered, the Court considered Comcast's motion for default judgment and, on August 1, 2005, ordered additional briefing and evidence in support of the motion. *See* Docket No. 23. On August 30, 2005, Comcast filed a response to the Court's order. *See* Docket Nos. 24-26.

    Having reviewed Comcast's response, the Court hereby orders Comcast to provide briefing on two additional matters.

///

///

1. <u>Claim Under the California Penal Code</u>

In its response, Comcast asserted that it was entitled to damages under California Penal Code § 593e. However, in its complaint, Comcast did not allege a violation under § 593e; rather, it claimed a violation of § 593d. Thus, Defendants only had notice of a violation of § 593d, not § 593e. *See also* Fed. R. Civ. P. 54(c) (providing that "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment").

Accordingly, the Court finds that Comcast has before it two options: Either Comcast must be held to a request for a default judgment for a violation of § 593d, or Comcast may file an amended complaint so as to assert a § 593e claim instead of a § 593d claim (in addition to its claim under the Cable Communications Act) and then serve the amended complaint on Defendants. If Defendants fail to respond to the amended complaint, then Comcast may seek entry of default based on the amended complaint and then a default judgment.

The Court therefore orders Comcast to inform the Court which of the two options it wishes to pursue. If the former, then Comcast should also provide briefing explaining why it is entitled to default judgment on the § 593d claim based on the *Eitel* factors and what damages should be awarded for the violation of § 593d. Comcast should also provide any evidence necessary to support its damages claim under § 593d.

2. <u>Duplicative Damages</u>

It appears that, regardless of whether Comcast will assert a violation under § 593d or § 593e, Comcast intends to argue that it is entitled to a monetary award under both the Cable Communications Act and the California Penal Code. However, Comcast has not cited any authority showing that it is entitled to damages under both statutes when the wrongful conduct by Defendants underlying each statute is the same.

The Court therefore orders Comcast to brief: (1) whether it is entitled to damages under both statutes; and (2) if not, whether the Court has discretion in selecting under which statute damages should be awarded. In addition, if the Court has discretion in selecting the remedy, what factors should inform the Court's decision?

Comcast should file all of the pleadings, briefing, and/or evidence required in items (1) and (2) above within thirty days of the filing date of this order.

In addition, Comcast shall serve a copy of this order on all Defendants within a week of the filing date of this order.

IT IS SO ORDERED.

Dated: September 12, 2005

_____
EDWARD M. CHEN
United States Magistrate Judge

3