UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMCAST OF CALIFORNIA III, INC., | No. C-05-0718 EMC |
| Plaintiff, | |
| v. | **ORDER RE EVIDENTIARY HEARING FOR PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
| STEPHANE TARDIF, *et al.*, | **(Docket Nos. 15, 17)** |
| Defendants. | |
| _____/ | |

Plaintiff Comcast of California III, Inc. filed suit against Defendants Stephane Tardif and Jacques Tardif for (1) violation of the Cable Communications Act, 47 U.S.C. § 553; (2) unjust enrichment; (3) imposition of a constructive trust; and (4) violation of California Penal Code § 593d. The Clerk of the Court entered default against Defendants on July 22, 2005, and thereafter Comcast moved for default judgment.

On August 1, 2005, the Court ordered Comcast to provide additional briefing and evidence in support of its motion. Comcast did so and, after reviewing the papers, the Court ordered further briefing. On October 21, 2005, Comcast provided the Court with additional information. In its briefing, Comcast asked to be awarded damages, consisting of Defendants' gross revenues, in the amount of $1,009,512.90 pursuant to 47 U.S.C. § 553(c)(3)(A)(i). Comcast also asked for $50,000 in enhanced statutory damages pursuant to § 553(c)(3)(B).

Having considered the information provided by Comcast, the Court hereby orders that there be an evidentiary hearing on Comcast's motion for default judgment. The hearing shall take place on **November 23, 2005, at 2:30 p.m.**

At the hearing, Comcast should be prepared to present any and all argument *and* evidence in support of its claim for damages, including but not limited to the following matters.

1. The statute of limitations for a violation of § 553.

2. The scope of the PayPal subpoena and the documents produced in response, including how Comcast determined which e-mail accounts were relevant and whether the documents produced in response provided information about transactions outside the statute of limitations.

3. The reliability of the process by which Kevin Sandle determined Defendants' gross revenues, including how Mr. Sandle ensured that the keyword searches he used were not overinclusive. For example, was the keyword search "media and 2200" a boolean search? Also, how did Mr. Sandle make sure that the keyword search for "platinum" would not include a product that was not an illegal cable descrambler?

4. Whether the products identified by Mr. Sandle as illegal cable descrambling devices have no other legitimate purpose.

5. Whether the products identified by Mr. Sandle as illegal cable descrambling devices are capable of descrambling Comcast's signal.

Because Comcast's claim for damages rests in large part on the declaration of Mr. Sandle, Comcast should present Mr. Sandle to testify in person at the evidentiary hearing.

Comcast shall serve a copy of this order on Defendants within a week of the filing date of this order.

IT IS SO ORDERED

Dated: November 1, 2005

_____
EDWARD M. CHEN
United States Magistrate Judge